Archibald C. Wemple, J.
The affidavit of errors indicated that the appeal was based upon the following alleged errors:
1. Information insufficient.
2. Interception order invalid and section 813-a of Code of Criminal Procedure unconstitutional.
*862 3. Testimony of Captain Morris as to telephone calls with another based upon hearsay and therefore inadmissible.
4. Captain Morris was not qualified as an expert.
5. That papers in evidence were not in the handwriting of the defendant.
6. That the People failed to establish a prima facie case.
7. That the verdict was contrary to the evidence, and evidence insufficient to sustain conviction.
8. The admission of certain evidence by the court was in error.
9. Prejudicial matters admitted in evidence.
10. Evidence was insufficient to establish guilt of defendant beyond a reasonable doubt.
The defendant herein was sentenced on November 6, 1958 to pay a fine of $350 or 90 days, on the violation of section 974 of the Penal Law, and a fine of $350 or 30 days, if not paid, plus 30 days in the Schenectady County Jail, for violation of section 986 of the Penal Law.
The search warrant dated July 16, 1958 and signed by the County Judge, authorized the officers to search the premises at 1371 Belmont Avenue, Schenectady, New York. This warrant was objected to on the trial as improper and incompetent, illegally issued and not binding on the defendant. However, it appears that when the police entered the premises, the defendant personally handed to the police officers certain papers, People’s Exhibit No. 2, containing notations of certain bets and other numerical listings allegedly connected with policy numbers. This exhibit, as well as People’s Exhibit No. 3, containing also other listings of horse bets, were personally delivered by the defendant from his person to the hands of the police and introduced on the trial. As already indicated, the actual exhibits were not submitted to this reviewing court for examination.
The testimony of Captain Morris, on pages 15, 17 and 18 as to People’s Exhibit No. 2, and pages 22 and 24 as to People’s Exhibit No. 3, was convincing in describing the activities of this defendant. Page 38 of the record indicates that one, Mrs. Helen Lindsay, had placed policy numbers with the defendant. It also appears that some information was gleaned from an interception of calls coming from ‘ ‘ DI 6-8035, listed in the name of Lindsley.” This telephone was tapped under order of Mr. Justice Felix Atjlisi, and the defendant herein objects to the use in this trial of conversations overheard or intercepted pursuant to said order as hearsay and not binding on this defendant.
*863 This court holds that the information so received could be used against this defendant, even though obtained in the course of intercepting another’s phone. The defendant was tied to the conversations by the identification of his voice. Thus the defendant was present in effect and the calls were binding upon him.
There was also used in this interception an automatic electronic recording device known as a tape recorder, attached to the intercepted telephone. This court holds that the use of such a device is merely an extension of the authorization permitted in the interception order. It is not necessary for the intercepted phone to be manned by a police officer at all times and conversations manually recorded. The tape recorder in question, if properly installed and connected with the intercepted telephone, can, with fidelity, record conversations thereon. There is, therefore, no reason why the recording itself is not admissible upon the trial if the voices are properly identified. Although somewhat muted, it appears that the defendant’s voice was recorded and satisfactorily identified.
The defendant was charged herein with separate crimes of keeping a place for the game of policy and book-making, in violation of sections 974 and 986 of the Penal Law. The proof shows that the acts of the defendant related to both policy and horse bets. The court below was justified in finding separate convictions and imposing separate sentences. There was no double punishment for a single crime herein.
The proof amply substantiates the finding that the defendant was conducting a gambling operation as a business and that he dealt in both horse bets and policy numbers. While some evidence, of necessity, must be circumstantial, the evidence herein leads convincingly to the conclusion that the defendant was guilty as charged, beyond a reasonable doubt. The possession by the defendant and his transfer to the officers of Exhibits No. 2 and No. 3, denotes more than casual or innocent gambling herein. The telephone was one of his tools as well as his point of contact with the public in his illegal operation.
A prima facie case of guilt has been established when all the credible and admissible evidence is considered.
The convictions herein are affirmed. Submit order accordingly.